J-A07015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARKUS WILLIAMS | : | |
| | : | |
| Appellant | : | No. 817 MDA 2023 |

Appeal from the PCRA Order Entered May 8, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0005252-2016

BEFORE: STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JUNE 27, 2024**

Appellant, Markus Williams, who is serving a sentence of imprisonment for voluntary manslaughter, appeals from the May 8, 2023, order of the Court of Common Pleas of Dauphin County, which dismissed his petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Appellant argues that trial counsel was ineffective for failing to interview Teejay Hoffman or call Hoffman as a witness during trial. We hold that the PCRA court correctly determined that trial counsel's failure to interview or call Hoffman as a witness did not prejudice Appellant. Accordingly, we affirm.

On direct appeal, we summarized the relevant background as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[D]uring the night of July 29 into July 30, 2016, Appellant shot and killed Bryan Taylor, who had been standing next to Zachary "Sean" Harr, with whom Appellant had been arguing.[1]

During trial, Harr testified that, prior to the shooting, Appellant had been acting in an aggressive manner towards him and then said, "Cause I'm about that gun play." N.T. Trial[, March 24-26, 2017,] at 187. The witness continued that he, Harr, did not reach for nor display his own firearm during this entire conversation with Appellant. *See id.*, at 189-190. He also testified that he did not see Taylor push Appellant, display a firearm, nor make any motions or gestures suggesting he had a firearm. *See id.*, at 188, 190. Harr acknowledged that he gave a statement to police the day after the shooting. *See id.*, at 191. He further testified that he did not see a firearm removed from Taylor's body. *See id.*, at 200.

Another eyewitness, Jonathan Porter, who had been drinking with Harr and Taylor at a few local bars earlier in the evening, testified that he did not see Harr or Taylor display a weapon or reach into their pockets or waistbands prior to the shooting. *See id.*, at 120, 136. Porter further testified that, after the shooting, he saw a firearm protruding from Taylor's waistband. *See id.*, at 139.

During Porter's cross-examination, defense counsel showed him a photograph of Porter and Taylor, admitted as Defendant's Exhibit 1, which Porter confirmed had been taken at a bar shortly before the shooting. *See id.*, at 148, 150-151. . . .

* * * *

Appellant testified that, immediately prior to the shooting, Harr was acting aggressively towards him, smacking him on the chest, and asking him if he had a problem with a man nicknamed "Poor-Poor." *Id.*, at 221. Appellant continued that he was leaving when Harr reached behind his back, where the butt of a firearm was protruding from his pants. *See id.*, at 222, 229. Appellant testified that another man, unknown to him at the time, but later identified as Taylor, approached him, grabbed him by the throat, and shoved him against a wall. *See id.*, at 230. Appellant stated

---

[1] The shooting took place outside a house "known as a 'speak easy' or an after-hours club" in Harrisburg. Trial Court Opinion, 12/19/17, at 2.

that, after Harr pulled out his firearm, Appellant discharged his own weapon and fled in fear for his life. *See id.*, at 230-232. Appellant admitted that he did not report the incident to police. *See id.*, at 254.

*Commonwealth v. Williams*, No. 1652 MDA 2017, unpublished memorandum at *1-3 (Pa. Super. filed January 11, 2019).

Following the facts described above,

[on] August 2, 2016, [Appellant] was charged with: (1) Criminal Homicide; (2) Possession of Firearm Prohibited, and (3) Firearms Not to be Carried without a License. On March 26, 2017, [Appellant] was found guilty at Count 1 of the lesser-included offense of Voluntary Manslaughter – Unreasonable belief, as well as the remaining counts as charged. . . . On August 8, 2017, [Appellant] was sentenced to an aggregate term of fifteen (15) to thirty (30) years in a state correctional institution. [Appellant] filed a post-sentence motion, which was subsequently denied . . . on September 21, 2017.

On October 23, 2017, [Appellant] filed a timely notice of appeal to the Superior Court of Pennsylvania challenging the weight and sufficiency of the evidence. The Superior Court affirmed [Appellant]'s judgment of sentence on January 11, 2019 [*Williams*, *supra*]. [Appellant] filed a petition for allowance of appeal to the Supreme Court of Pennsylvania on February 11, 2019, which was subsequently denied on June 10, 2019 [*see Commonwealth v. Williams*, 214 A.3d 228 (Pa. 2019)].

PCRA Court Opinion, 5/8/23, at 1-2 (unnecessary capitalization omitted; footnotes omitted).

On June 3, 2020, Appellant filed the PCRA petition presently under review. The PCRA court appointed several attorneys to represent Appellant, all of whom eventually were allowed to withdraw. During a hearing in which the third PCRA attorney moved to withdraw, Appellant stated to the court that PCRA counsel was ineffective for failing to assert that trial counsel was

ineffective for failing to call a defense witness and failing to request a jury instruction for "imperfect self-defense." Based on Appellant's statement, the PCRA court scheduled a hearing to address trial counsel's alleged ineffectiveness for failing to call Teejay Hoffman as a defense witness or request an imperfect self-defense jury instruction. After granting the third PCRA attorney's motion to withdraw, the PCRA court appointed another attorney to represent Appellant and to locate Hoffman.

On April 13, 2023, the parties entered a stipulation that Hoffman resided in Harrisburg at the time of Appellant's trial and that, if called to testify, his testimony would have been consistent with the voluntary statement he provided to police on August 8, 2016. In this statement,

> Mr. Hoffman stated that he was extremely intoxicated to the point he almost tripped over his own feet. He further stated that he had an altercation with the person believed to be the shooter, [*i.e.*, Harr] . . . [over a spilled drink].
> * * * *
>
> [Hoffman] explained that he went to the party/after-hours club with his cousin, Chris Brown, and met [Appellant] there. Mr. Hoffman and Chris briefly left to pick up some food, and upon returning to the party/after-hours club, Mr. Hoffman got into the altercation described above.
>
> [Hoffman] stated he had never seen the individual [*i.e.*, Harr] before that night and that the person did not brandish a weapon during the altercation. Neither [Appellant] nor Chris witnessed the altercation, and Mr. Hoffman could not recall whether he told them about it. Mr. Hoffman further stated that he heard five (5) or six (6) gunshots about thirty (30) minutes to an hour after altercation. Mr. Hoffman and Chris were inside when they heard the gunshots. When they went outside, Mr. Hoffman saw the man who he previously had an altercation with [*i.e.*, Harr] shooting a firearm in front of him.

PCRA Court Opinion, 5/8/23, at 8-9 (citations to record omitted).

On May 8, 2023, following an evidentiary hearing, the PCRA court denied Appellant's PCRA petition. The instant appeal followed.

On appeal, Appellant argues that the PCRA court erred in not finding trial counsel ineffective for failing to interview Hoffman or call him to testify.

> We begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Basemore***, 560 Pa. 258, 277 n.10, 744 A.2d 717, 718 n. 10 ([Pa.] 2000). To obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In our Commonwealth, we have rearticulated the ***Strickland*** Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. ***Commonwealth v. Pierce***, 515 Pa. 153, 158–59, 527 A.2d 973, 975 (1987).

***Commonwealth v. Dennis***, 17 A.3d 297, 301 (Pa. 2011). The PCRA court may deny an ineffectiveness claim if the petitioner fails to meet any one of these prongs. ***Commonwealth v. Basemore***, 744 A.2d 717, 738 n. 23 (Pa. 2000).

We employ the following standard in evaluating whether counsel had a reasonable basis for his acts or omissions:

> [T]he question is not whether there were other courses of action that counsel could have taken, but whether counsel's decision had any basis reasonably designed to effectuate his client's interest. . . . [T]his cannot be a hindsight evaluation of counsel's

- 5 -

performance, but requires an examination of "whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect [the] defendant's interests." Our evaluation of counsel's performance is "highly deferential."

***Commonwealth v. (Christopher) Williams***, 141 A.3d 440, 463 (Pa. 2016) (internal citations omitted).

We first address Appellant's claim that trial counsel was ineffective for failing to call Hoffman as a witness. To establish whether counsel was ineffective for failing to interview/call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial. ***Commonwealth v. Clark***, 599 Pa. 204, 222, 961 A.2d 80, 90 (2008).

***Commonwealth v. Dennis***, 17 A.3d 297, 302 (Pa. 2011).

For two reasons, the PCRA court correctly rejected Appellant's claim that counsel was ineffective for failing to call Hoffman as a witness. First, the PCRA court found that "[trial counsel] had a reasonable basis not to call Mr. Hoffman as a defense witness at trial. The defense strategy was to show that the victim and Mr. Harr were the aggressors, and that [Appellant] shot the victim in self-defense. . . . [Appellant] has failed to show how calling Mr. Hoffman as a defense witness at trial would have had a greater success than what occurred." PCRA Court Opinion, 5/8/23, at 11. The record supports this determination. Trial counsel testified during the PCRA hearing that his

strategy was to contend Appellant acted in self-defense in response to Harr/Taylor's attack. Hoffman was not present during the altercation between Appellant and Harr, and Appellant was indeed in a far better position to describe his self-defense claim. This strategy actually worked; as the PCRA court observed, "the jury ultimately agreed that [Appellant] shot the victim in self-defense and found him guilty of voluntary manslaughter instead of first-degree homicide." *Id.*

Second, the PCRA court correctly reasoned that Appellant suffered no prejudice from Hoffman not being called as a witness. Appellant argues that had the jury heard Hoffman testifying about Harr's behavior on the night of the incident, "not only would Hoffman's testimony lead to a likely acquittal" of Appellant but would also result in Harr being charged for felony murder of Taylor. Appellant's Brief at 16. As Appellant acknowledged, however, Hoffman was <u>not</u> present during the altercation between Appellant and Harr/Taylor. Thus, while Hoffman's testimony might have been useful to provide some additional background information, it would not have affected the core testimony elicited at trial pertaining to the murder. At trial, Harr testified that Appellant was the initial aggressor and that neither Harr nor the actual victim, Taylor, had displayed their firearms to Appellant or indicated with words or actions that they were carrying firearms. *See* N.T. Trial, 3/24-26/17, at 187-90. Another eyewitness, Porter, confirmed that neither Harr nor Taylor had threatened Appellant prior to the shooting. *Id.* at 136. Porter

also noted that Taylor had not pulled out his firearm, which was still in his waistband after he was shot. *Id.* at 139. Hoffman's testimony would not have undermined the evidence of guilt set forth by the testimony of Appellant, Harr, and Porter. As such, Appellant failed to show he suffered actionable prejudice from trial counsel's failure to call Hoffman as a witness.

Appellant also disputes trial counsel's decision to rely simply on Appellant, a convicted felon, to testify in his own defense, as opposed to calling Hoffman, who had no prior convictions. Appellant claims that he had credibility issues in the eyes of the jury because he had been convicted of robbery and spent time in a state prison for that crime. Once again, Appellant did not suffer prejudice as a result of Hoffman not testifying. As noted, Hoffman could not testify about the facts at issue here, because he was not present during the altercation between Harr and Appellant that eventually led to Taylor's death. Furthermore, as Appellant acknowledged in his brief, Appellant's criminal past "would almost unavoidably [have] come out at trial." Appellant's Brief at 13.

We now turn to Appellant's argument that trial counsel was ineffective for failing to interview Hoffman. At the outset, we note that "neglecting to call a witness differs from failing to investigate a witness in a subtle but important way," in that "it can be unreasonable *per se* to conduct no investigation into known witnesses." *Commonwealth v. Stewart*, 84 A.3d

701, 712 (Pa. Super. 2013). However, even when counsel fails to conduct such an investigation,

> a petitioner still must demonstrate prejudice. *Id.* To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial. *Commonwealth v. Dennis*, 597 Pa. 159, 950 A.2d 945, 961 (2008).
>
> In this respect, a failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial. *See Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297, 302 (2011) (discussing failure to interview and call an alibi witness).

*Commonwealth v. Pander*, 100 A.3d 626, 638-39 (Pa. Super. 2014).

Here, the PCRA court correctly determined that Appellant suffered no prejudice from trial counsel's alleged failure to interview Hoffman for the same reason that counsel's alleged failure to call Hoffman to testify did not prejudice Appellant. Specifically, Hoffman was not present during the altercation between Appellant and Harr/Taylor. Thus, Hoffman's testimony would not have undermined the evidence of guilt established by the testimony of Appellant, Harr, and Porter.

In short, the PCRA court correctly rejected Appellant's claim that trial counsel was ineffective for failing to call Hoffman as a witness because this claim failed the reasonable trial strategy and prejudice prongs of the

ineffectiveness test. Moreover, the PCRA court correctly rejected Appellant's claim that counsel was ineffective for failing to interview Hoffman because this claim failed the prejudice prong of the ineffectiveness test. Thus, the PCRA court correctly denied Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/27/2024